80,444-02

Page #1.

NO. 14276 A-B

IN the
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

IN-RE

WAYNE EDWARD Allen

ORiginAl Proceeding from the 29th Judicial DistRict court
PAlo PiNTo couNTy Texas; TRial case no. 1426(A)-B.
Honorable Jerry D. Ray OR

mOTion for LEAVE To file
Petition for writ of MANDAMUS

This document contains some
pages that are of poor quality
at the time of imaging.

WAYNE EDWARD Allen
TDCJ #1680379
W.P. eLements uNit
9601 SPUR 591
Amarillo Texas 79107
RelAtor iN-Pro-se

IDENTITIES OF PARTIES AND COUNSEL

| RELATOR AND REAL PARTY IN INTEREST: | COUNSEL: |
|---|---|
| WAYNE EDWARD ALLEN,<br>TDCJ NO. 1680379<br>W. P. CLEMENTS UNIT<br>9601 SPUR 591<br>AMARILLO, TEXAS 79107 | PRO-SE |
| RESPONDENT: | Judge |
| HONORABLE; JERRY D. RAY<br>29th JUDICIAL DISTRICT COURT<br>PALO PINTO COUNTY, TEXAS<br>P.O. Box 189<br>PALO PINTO, Tx 76484 | Judge JERRY D. RAY<br>29th JUDICIAL DISTRICT OF<br>PALO PINTO COUNTY TEXAS<br>P.O. Box 189<br>PALO PINTO, Tx 76484 |

## TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES AND COUNSEL
INDEX OF AUTHORITIES
STATEMENT OF THE CASE
STATEMENT OF JURISDICTION
ISSUE PRESENTED: first.

Whether the RESPONDENT has failed in his ministerial duty To notify Relator he ordered designating issues to be Resolved, or Respond to any of Relator's written correspondence, for the second 11.07, WARRANTING MANDAMUS Relief.

ISSUE PRESENTED: second.

Whether RESPONDENT failed in his ministerial duty to Transmit the 11.07 Application And finding of fact And Conclusion of Law, And Also Transmit Related Records to the Court of Criminal APPEALS PURSUANT to Article 11.07 TEXAS Code of Criminal PROCEDURE WARRANTING MANDAMUS Relief.

UNDISPUTED STATEMENT OF FACTS

ARGUMENT AND AUTHORITIES

CONCLUSION AND PRAYER

INMATE'S UNSWORN DECLARATION

CERTIFICATE OF SERVICE

## INDEX OF AUTHORITIES

Page

(Gibson V. Dallas County Dist clerk) 275 S.W.3d 491 (Tex. crim APP 2009 (3)

(IN RE ESCARENO), 297 S.W.3d 288 (Tex crim APP. 2009)

(MARTIN V. HAMLIN) 25 S.W.3d 718 (Tex. crim APP. 2000)

(McCREE V. HAMPTON), 824 S.W.2d 578 (Tex. crim. 1992)

## IN THE
## TEXAS COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

IN RE

WAYNE EDWARD, ALLEN       NO. 14276 A-B

## MOTION FOR LEAVE TO FILE THIS PETITION FOR WRIT OF MANDAMUS

To the Honorable Judges of the court of criminal APPEALS:

COMES NOW, WAYNE EDWARD, ALLEN, RELATOR IN PRO-SE (hereinafter RelATor), And herein PRESENT his motion for LEAVE TO FILE Petition for Writ of MANDAMUS, And in Support thereof will Respectfully show the Court As follows:

## STATEMENT OF THE CASE

The underlying Proceeding involves An Application for Writ of habeas-Corpus filed by Relator in the PAlo Pinto District clerks office

PURSUANT TO ARTICLE 11.07, OF THE TEXAS CODE OF CRIMINAL PROCEDURE. THE RESPONDENT, HONORABLE JERRY D. RAY OR THE NEW JUDGE OF THE 29th JUDICIAL DISTRICT COURT AND ITS CLERKS OF THE DISTRICT IN PALO PINTO COUNTY, TEXAS. THE RELIEF SOUGHT IS AN ORDER REQUIRING THE RESPONDENT TO FORWARD THE 11.07 APPLICATION AND RELATED RECORDS ALONG WITH FINDING OF FACTS AND CONCLUSION OF LAW TO THIS COURT FOR RESOLUTION, AND GIVE A WRITTEN EXPLANATION WHY IS THIS THE SECOND TIME THIS COURT HAS FAILED TO NOTIFY THIS APPLICANT OF ITS INTENTION TO FILE DESIGNATING ISSUES TO BE RESOLVE IN COMPLIANCE WITH THE TIME LIMITS IN THE 11.07 WRIT STATUTE. ALSO SINCE THIS IS THE 29th DISTRICT COURTS FAILURE TO COMPLY WITH THE RULES IT SHOULD DEFAULT ITS CHANCE TO RESPOND WITH A FACT FINDING AND CONCLUSION OF LAW, AND THE WRIT SHOULD BE TRANSMITTED TO THIS COURT WITH OUT IN PUT FROM THE 29th JUDICIAL DISTRICT COURT. IN FAVOR OF RELATOR ACCORDING TO THE TEXAS CONSTITUTION.

## STATEMENT OF JURISDICTION

THIS COURT HAS JURISDICTION TO HEAR AND ACT ON THIS ORIGINAL AND OTHER PROCEEDING AND ISSUES MENTIONED IN THIS WRIT OF MANDAMUS SECTION 6 OF ARTICLE V. OF THE TEXAS CONSTITUTION AND SECTION 22,221 OF THE TEXAS GOVERNMENT CODE.

## ISSUES PRESENTED

FIRST, ISSUE PRESENTED.

WHETHER THE RESPONDENT HAS FAILED IN HIS MINISTERIAL DUTY TO NOTIFY RELATOR HE ORDERED DESIGNATING ISSUES TO BE RESOLVED, OR RESPOND TO ANY OF RELATOR'S WRITTEN CORRESPONDENCE, FOR THE SECOND 11.07 WARRANTING MANDAMUS RELIEF.

SECOND, ISSUE PRESENTED.

WHETHER RESPONDENT FAILED IN HIS MINISTERIAL DUTY TO TRANSMIT THE 11.07 APPLICATION AND FINDING OF FACT AND CONCLUSION OF LAW, AND ALSO TRANSMIT RELATED RECORDS TO THE COURT OF CRIMINAL APPEALS PURSUANT TO ARTICLE 11.07 TEXAS CODE OF CRIMINAL PROCEDURE WARRANTING MANDAMUS RELIEF.

ON MAY 18, 2015, RELATOR filed his SECOND 11.07 APPLICATION for WRIT OF HABEAS CORAS challenging the legality of his conviction Pursuant to Article 11.07, TEXAS CODE OF CRIMINAL PROCEDURE. The PALO PINTO DISTRICT ATTORNEY has failed to file AN ANSWER to the WRIT APPLICATION for the SECOND time. To this DATE, the TRIAL COURT HAS not ISSUED AN NOTIFICATION to RELATOR, A ORDER DESIGNATING ISSUE TO BE RESOLVED IN nonCOMPLIANCE to the time limits in the 11.07 WRIT STATUTE. The WRIT APPLICATION is thus Sitting indefinitely in the PALO PINTO COUNTY DISTRICT CLERK'S when it should be Transmitted to this COURT. The 29th Judicial DISTRICT COURT has shown or displayed deep-seated favoritism Before, in (WR-80,444-01). where The DISTRICT ATTORNEY PALO PINTO COUNTY, had failed to ANSWER within the time ALLOTTED by LAW. none the less then the Trial Court took it APUND it SELF AND stepped out of its ROLE AND ASSUMED the PROSECUTION's POSITION AND Considered The Petition. RELATOR's Position is. Once the Allotted time has Expired the PROSECUTION/DISTRICT Attorney's office has forfeited its chance to RESPOND AND the WRIT must be forward the COURT of criminal APPEALS with out delay AND no favoritism Should be shown to the Presecution/DISTRICT ATTORNEY's office. AND for this to OCCUR the SECOND Time the WRIT should be considered with out INPut from the TRIAL COURT or DISTRICT ATTORNEY office. Because the court's order was ignored, for The second Time RELATOR was not notified the first time, nor was he notified this time, of Any thing the Trial Court WAS Attempting, nor was he given A fact finding AND conclusion of law for the first WRIT nor this WRIT.

## ARGUMENT AND AUTHORITIES

First, ISSUE PRESENTED.
Whether the RESPONDENT has failed in his ministerial duty to notify RELATOR He ordered designating issues to be Resolved, or RESPOND to Any of RELATOR's written correspondence, for the SECOND 11.07 WARRANTING MANDAMUS RELIEF.


SECOND, ISSUE PRESENTED
Whether RESPONDENT failed in his ministerial duty to Transmit the 11.07 APPLICATION AND finding of fact AND conclusion of law, AND Also Transmit RELATED RECORDS To the COURT of criminal APPEALS, Pursuant To ARTICLE 11.07 TEXAS CODE of CRIMINAL PROCEDURE WARRANTING MANDAMUS RELIEF.

## Argument:

Article 11.07 of the code of criminal Procedure defines the Procedural guidelines for an application for a writ of habeas corpus in which the applicant seeks Relief from a non-death-penalty felony Judgment. After the application is filed with the clerk of the convicting court, The clerk of that court forwards a copy of the application to the Attorney Representing the State, who then has fifteen Days from the Receipt of the copy to Respond. To This date the State has not Respond to Relator. Within the Twenty days following the State's deadline to answer the convicting court must decide whether there are controverted, Previously unresolved facts material to the legality of the applicant's confinement. If the convicting court decides that there are such unresolved facts, it must enter an order designating the issues to be Resolved (ODI) before the expiration of the Twenty-day time frame. If there are no such issues, the clerk most immediately forward a copy of the application to this court. (In-Re Escareno), 297 S.W. 3d 288, 289-90 (Tex. Crim. App. 2009).

Therefore, within thirty-five days form the date on which the State Receives a copy of the application, the conviction court must either enter an (ODI) or Transmit a copy of the application to this court. (Gibson v. Dallas county Dist clerk) 275 S.W. 3d 491, 492. (Tex. Crim App. 2009). A timely-entered (ODI) is the only means by which the convicting court can Postpone forwarding the habeas application to this court. See (McCree v. Hampton), 824 S.W. 2d 578, 529. (Tex. crim App. 1992). This extension is not available when the (ODI) is entered After the Statutory deadline.

In the event of an untimely (ODI), the district clerk has no Authority to continue to hold an application for a writ of habeas corpus and is under A ministerial duty to immediately forward the application and Related records. (Martin v. Hamlin), 25 S.W. 3d 718, 719 (Tex. crim. App. 2000).

In this case, because this Trial court has failed for the second Time to make an order designating the issues that the need to be Resolved within the limits provided in Article 11.07, of the Texas code of criminal Procedure, thus the District clerk has failed in its ministerial duty to Transmit the 11.07 application and Related Papers to this court for Resolution. Because the Trial court, District Attorney's office, the District clerk, has not complied with their ministerial duties mandamus Relief is Appropriate.

## Conclusion and Prayer

For these Reasons, Relator Petition this court to grant leave to file a Petition

for writ of mandamus, and issue a writ of mandamus to the 29th Judicial District court Palo Pinto County, Texas and the Palo Pinto County District Clerk's office, directing them to Transmit the 11.07 application and related papers to this court, and give this court a explaination why it has not answered or had any written correspondence with Relator since they received his writ may 18, 2015. Also to Grant Relator any other Relief to which he may be entitled

RESPECTfully Submitted

x Wayne Edward Allen

WAYNE EDWARD ALLEN
TDCJ # 1680379
W.P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107
RELATOR in Pro-se

## INMATES'S UNSWORN DECLARATION
## PURSUANT TO 132.003, TEXAS CIV. PRAC. + REM. CODE

I WAYNE EDWARD ALLEN, no. 1680379, being Presently incarcerated at the W.P. Clements Unit in Potter County, Texas, declare under Penalty of Perjury that the forgoing statment made in the instant motion for leave to file Petition for writ of mandamus, are True and correct, and that the document contained in the appendix is a True and correct copy of the original document."

Signed this 5 day of November, 2015,

x Wayne Edward Allen

WAYNE EDWARD ALLEN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a True and correct copy of the instant motion for leave to file Petition for writ of mandamus was served by mailing same through Regular mail on the following Party's: Respondent, Palo Pinto District Clerk's office P.O. Box. 189. Palo Pinto, Texas 76484 and the 29th Judicial District court Palo Pinto county, Texas, P.O. Box 189, Palo Pinto, Tx. 76484. on this the 5 day of November 2015.

## Trial Court Cause No. 14276A

EX PARTE:                                §        IN THE 29TH JUDICIAL
                                         §
                                         §        DISTRICT COURT OF
                                         §
WAYNE EDWARD ALLEN                        §        PALO PINTO COUNTY, TEXAS

## POST CONVICTION HABEAS CORPUS ORDER

The petition of **Wayne Edward Allen** for a Writ of Habeas Corpus pursuant to Article 11.07, Texas Code of Criminal Procedure, having been filed, and the District Attorney of Palo Pinto County having failed to answer/answered within the time allotted by law, the Court proceeded to consider said petition.

After having reviewed the pleading and instruments on file in Cause No. 14276A-A The State of Texas vs. Wayne Edward Allen, the petition on file in this cause, and the affidavit of trial counsel, the Court is of the opinion and does hereby find that there are no controverted, previously unresolved facts material to the legality of the Petitioner's confinement.

The Court hereby directs the Clerk of this Court to immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed and a certificate reciting the date upon which the decision was made, as required by law.

The Clerk is further directed to furnish a copy of these findings to the Petitioner and the District Attorney.

Signed this the 21st day of October_____, 2013.


_____
DISTRICT JUDGE
29TH JUDICIAL DISTRICT COURT
PALO PINTO COUNTY, TEXAS


FILED

OCT 2 1 2013

JANIE GLOVER
DIST CLERK, PALO PINTO, TEXAS
AT _____4:30_____ PM XM